**E-FILED on** 8/5/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISREY NERA, an Individual, and CHARITO NERA, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware Corporation; SADEK, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C-09-2025 RMW<br><br>ORDER GRANTING DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S MOTION TO DISMISS<br><br>**[Re Docket No. 6]** |

Defendant American Home Mortgage Servicing, Inc.'s motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing before the court on July 31, 2009. Plaintiffs oppose the motion but did not appear at the hearing. Having considered the papers submitted by the parties, including plaintiffs' untimely opposition papers, and for good cause appearing for the reasons set forth below, defendant's motion is granted.

### I. BACKGROUND

Plaintiffs Chrisrey Nera and Charito Nera filed this lawsuit against American Home Mortgage Servicing, Inc. and Sadek, Inc. on May 8, 2009. The lawsuit appears to arise out of attempts to foreclose on plaintiffs' home. On October 12, 2006 escrow closed on a refinance

mortgage transaction affecting the plaintiffs' residence on Stratford Court in Salinas, California. Complaint ¶¶5, 14, 16. Although not expressed in the Complaint, it appears that at some point plaintiffs were unable to make payments on the mortgage, and on January 5, 2009, a Notice of Trustee's Sale was issued indicating that plaintiffs were in default under the October 12, 2006 Deed of Trust. Complaint, Exhibit 1.

Defendant American Home Mortgage Servicing, Inc. is alleged to be "the designated Servicer for the purported beneficiary" and a "debt collector." Complaint ¶6. Defendant Sadek, Inc. is similarly alleged to be "the designated Services for the purported beneficiary" and also a "debt collector." Complaint ¶7. The Substitution of Trustee included in Exhibit 1 to the Complaint, however, identifies Sadek, Inc. as the lender. Complaint, Exh. 1.

The factual allegations in the Complaint are thin and generally do not distinguish between what each of the named defendants is alleged to have done to give rise to plaintiffs' claims. The Complaint affirmatively alleges that the following documents relating to the mortgage transaction were not provided to plaintiffs:

- a. Promissory Note;
- b. HUD-1 Settlement Statement
- c. Escrow Statements
- d.. Handbook on Adjustable Rate Mortgages
- e. HUD Brochures
- f. Right to Cancel Notices
- g. Variable Rate Disclosures
- h. Private Mortgage Insurance Disclosure
- i. Disbursal Disclosures
- j. Patriot Act Disclosures
- k. California Per Diem Interest Disclosure

There are no specific allegations made about defendant American Home Mortgage Servicing, other than identifying it as "the designated Servicer for the purported beneficiary" and a "debt collector."

The Complaint seeks to assert five claims for relief: the first and second brought under the

Truth in Lending Act ("TILA"), 15 U.S.C. §§1601, et seq., relating to the failure to provide disclosures or adequate disclosures; the third brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., relating to efforts to collect on the mortgage loan; the fourth brought under California Business and Professions Code Section 17200 for unfair competition, incorporating the alleged TILA and FDCPA violations, and the fifth to quiet title to the property.

Defendant American Home Mortgage Servicing, Inc. now moves to dismiss the Complaint for failure to state a claim against it upon which relief may be granted.

## II. ANALYSIS

### A. General Standards for Motion to Dismiss

Rule 12(b)(6) allows a defendant to seek dismissal for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). Such a motion tests the legal sufficiency of a claim. In considering a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiffs, accept as true all material allegations in the complaint as well as reasonable inferences to be drawn from them, and determine if those facts, if proven, would establish a valid claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (internal citations omitted). The court is not required to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice to state a claim. *Iqbal*, at 1950.

## B. Analysis

Defendant's motion to dismiss is well-founded. Plaintiffs' complaint is nearly devoid of any facts, and no facts are pleaded against American Home Mortgage Servicing to put it on notice of the claims asserted against it. The five claims for relief are largely recitals of the elements of causes of action, without fact-specific allegations giving rise to the claimed-for relief. Accordingly, the complaint is deficient and subject to dismissal under Rule12(b)(6) for failure to state a claim.

### 1. Claim for Rescission under TILA

Plaintiffs' first claim for relief seeks rescission under TILA based upon the alleged failure to provide plaintiffs with the required disclosures. Defendant seeks dismissal on the basis that in order to state a claim for rescission, plaintiffs must allege that they can or will tender the borrowed funds back to the lender, but have failed to make such an allegation. Defendant cites numerous recent cases in support, including *Edelman v. Bank of Am. Corp.*, 2009 WL 1285858 (C.D. Cal. April 17, 2009); *Guerrero v. Citi Residential Lending, Inc.*, 2009 WL 926973 (E.D. Cal. April 3, 2009); and *Pagtalunan v. Reunion Mortgage, Inc.*, 2009 WL 961995 (N.D. Cal. Apr. 8,. 2009).

In opposition, plaintiffs point to facts outside the pleadings, specifically to a February 11, 2009 letter from their counsel to defendant. which the identify as their notice of rescission and which states that plaintiffs "would like to discuss tender arrangements for the amount due ... once you have effected rescission." Opposition at 4, and Exh.1 thereto. Plaintiffs do not state, however, that they have tendered, or are able to tender the amount due in order to effectuate rescission.

The complaint, as pleaded, fails to state a claim for rescission under TILA. Plaintiffs are granted twenty days leave to amend in which to plead facts supporting their rescission claim.

### 2. Claim for Damages Under TILA

Plaintiffs' second claim for relief seeks damages for violations of TILA, arising out of the alleged failure to provide required disclosures. Defendant seeks dismissal on several grounds, including that the action for damages is barred by the one-year statue of limitations set forth in 15 U.S.C. §1640(e), and that TILA does not extend liability to mere mortgage loan servicers. Motion at 8. In opposition, plaintiffs concede that the one-year statute of limitations would bar their claims unless it is tolled by the doctrine of equitable tolling. Opp. at 4. Plaintiffs do not substantively

address defendant's second argument other than to state that loan servicers are "subject to TILA's obligation." Opp. at 4, citing 15 U.S.C. §1641(f)(2).

Defendant's motion is well-taken. The complaint alleges that the underlying transaction closed on October 12, 2006. Complaint ¶14. More than one year has passed and the claim for damages is barred under 15 U.S.C. §1649(e) unless tolled. No facts have been pleaded which could give rise to an argument that the statute of limitations has been equitably tolled. Similarly, the Complaint alleges that American Home Mortgage Servicing is the servicer on the loan, Complaint ¶6, and servicers are not treated as owners or assignees who would be liable for disclosure violations under TILA. 15 U.S.C. §1641(f).

The motion to dismiss is granted. Because there is no TILA liability for loan servicers and defendant American Home Mortgage Servicing is alleged to be the servicer of the loan, it does not appear that any amendment could cure this defect. Accordingly, the second claim for relief under TILA is dismissed without leave to amend, as against defendant American Home Mortgage Servicing.

3. Claim Under Fair Debt Collection Practices Act

Defendant moves to dismiss the third claim for relief under the Fair Debt Collection Practices Act on three grounds: that the complaint fails to allege facts supporting an FDCPA claim, that loan servicers are exempt from the FDCPA, and that foreclosure-related activities do not constitute "debt collection" within the meaning of the FDCPA. Motion at 8-10. Plaintiffs' opposition papers do not meaningfully address these challenges.

Defendant's arguments are well-taken. The complaint does not allege facts demonstrating a violation of the FDCPA. Moreover, acts of foreclosing on a property pursuant to a deed of trust are not "debt collection" within the meaning of the FDCPA. *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Additionally, creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are exempt from liability under the Act. *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003). To the extent American Home Mortgage Servicing is alleged to be a "loan servicer," it is not liable under the FDCPA. The court notes, however, that the Complaint

1 also alleges that defendant is a "debt collector," presumably in order to assert an FDCPA claim, but
2 that conclusory allegation alone is not sufficient to support a claim against defendant for violating
3 the FDCPA. The complaint does not allege the underlying facts which give rise to the violation of
4 the FDCPA. Accordingly, the motion to dismiss is granted.

        4.      <u>Claim Under California Business & Professions Code §17200</u>

Defendant challenges the claim for relief under the California Unfair Competition Law, Business and Professions Code Section 17200, et seq. Defendant argues that plaintiffs have failed to plead the claim with the required degree of particularity and that to the extent the claim is based upon violations of TILA and the FDCPA, the claim fails because the complaint has failed to adequately allege violations of those statutes. Plaintiffs' opposition does not address the motion to dismiss the section 17200 claim.

Defendant's motion to dismiss the Section 17200 claim is granted. The complaint fails to allege facts establishing any unfair, unlawful or fraudulent business practice. Moreover, to the extent the claim is based on alleged misrepresentations, it appears to be based on fraud and therefore must be pleaded with particularity. Fed. R. Civ. P. Rule 9(b). The allegations are wholly insufficient to put the defendants on notice of what conduct is challenged or what each of them is alleged to have done that would give rise to liability or to put the defendants on reasonable notice of the allegedly unfair, unlawful or fraudulent conduct that supports the claim under Section 17200. Accordingly, the motion to dismiss is granted, with leave to amend.

        5.      <u>Claim for Quiet Title</u>

Defendant seeks dismissal of the fifth claim for relief to quiet title on the grounds that plaintiffs have failed to state the essential elements of the claim or to tender the amount owed. "To state a claim for quite title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for a determination of the title of the plaintiff against the adverse claims." Motion at 11-12, citing Cal. Code Civ. P. §761.020 (setting forth required elements) and *Ines v. Countrywide Home Loans, Inc.*, 2009 WL 690108. *5 (S. D. Cal. March 12, 2009). Defendant

contends that the claim is deficient in that it does not identify the date as of which the determination is sought, the nature of the adverse claims or which of the defendants is asserting an adverse claim, and is not verified. Motion at 12.

Plaintiffs argue that they have substantially complied with the requirements for pleading a quite title claim: they have identified the property by its street address, identify that they are the owners pursuant to a Deed of Trust, that defendants are seeking to hold themselves out as the fee simple owners adverse to plaintiffs' interest. Opp. at 5.

With one exception, defendant's argument is well-taken. The complaint is not verified and does not identify which defendants are claiming title adverse to plaintiffs. It does, however, identify the date as of which the determination is sought, specifically, February 24, 2009. Complaint ¶77.

The court also notes, however, that the complaint does not set forth the legal description of the property, as required by California Civil Procedure Code Section 761.020(a). Accordingly, the motion to dismiss the fifth claim for relief to quiet title is granted, with leave to amend.

### III. ORDER

For the foregoing reasons, the court grants defendant American Home Mortgage Servicing's motion to dismiss as follows:

1. The first claim for relief is dismissed with leave to amend;
2. The second claim for relief is dismissed without leave to amend;
3. The third claim for relief is dismissed with leave to amend;
4. The fourth claim for relief is dismissed with leave to amend; and,
5. The fifth claim for relief is dismissed with leave to amend.

Plaintiffs shall have twenty days leave to file an amended complaint.

DATED: 8/4/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Carlo Ocampo Reyes        carloreyes@att.net

**Counsel for Defendants:**

Nina Huerta        nhuerta@lockelord.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 8/5/09        TER
**Chambers of Judge Whyte**